UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY D. DAVIS,

              Petitioner,

   v.

RON HAYNES,

             Respondent.

Case No. C19-5156-BHS-TLF

ORDER ON MOTIONS

Before the Court is petitioner's motion for partial summary judgment (Dkt. 5), "motion to supplement the record based on judicial notice" (Dkt. 7), motion for evidentiary hearing to determine factual findings (Dkt. 8), "motion to supplement" (Dkt. 9), motion for the appointment of counsel (Dkt. 10), motion to determine factual and legal claims (Dkt. 12), motion for relief from judgment (Dkt. 13), motion for exhaustion of state court remedies (Dkt. 17), and petitioner's objections to an extension of time (Dkt. 11). Under separate Order, the Court has directed service of the petition for writ of habeas corpus. The time for respondent to file an answer to the petition has not yet passed. Having carefully reviewed petitioner's motions, the Court **ORDERS** as follows:

**A. Motion for Appointment of Counsel**

There is no right appointed counsel in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v.*

ORDER ON MOTIONS - 1

*Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court may appoint counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 754. In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.*

Here, the Court directed service of the petition and the time for filing an answer has not run. As an answer has not been filed, the Court does not find good cause for granting leave to conduct discovery and is not yet able to determine whether an evidentiary hearing will be required. *See* Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). Furthermore, petitioner effectively articulated his grounds for relief raised in the petition, the grounds do not, at this point, appear to be factually or legally complex, and it is difficult to determine the likelihood of success on the merits without an answer and the state court record. *See* Dkt. 6. Thus, petitioner has not shown the interest of justice requires the Court to appoint counsel at this stage in the case.

As petitioner has not shown appointment of counsel is appropriate at this time, the motion for the appointment of counsel (Dkt. 10) is denied without prejudice.

**B. Motions for: Evidentiary Hearing, Partial Summary Judgment, Relief from Judgment, Exhaustion of State Court Remedies (Dkt. 17), to Determine Factual and Legal Claims, and to Supplement the Record**

Petitioner has also filed motions seeking partial summary judgment (Dkt. 5), for an evidentiary hearing (Dkt. 8), to determine factual and legal claims (Dkt. 12), for relief from judgment (Dkt. 13), and for exhaustion of state court remedies (Dkt. 17). Petitioner has also filed

ORDER ON MOTIONS - 2

a "motion to supplement" (Dkt. 9) which seeks to add arguments in support of his motion for an evidentiary hearing. Petitioner has also filed a "motion to supplement the record based on judicial notice" (Dkt. 7) asking that the Court "look at the entire record of his 1995 plea hearing transcript" and indicating this is a document the "respondent should provide to this Court." Dkt. 7.

Petitioner's motions for partial summary judgment, to determine factual and legal claims, for relief from judgment, and for exhaustion of state court remedies, appear to seek findings on dispositive issues related to the ultimate determination of his petition. Dkts. 5, 12, 13, 17. As the respondent has not answered the petitioner and the state court record has not been supplied to the court to review the procedural aspects of the case or the merits of petitioner's claims for relief, it is premature for the Court to consider these motions at this time. The ultimate relief sought cannot be determined without proper development of the record and review of the state court records

Likewise, it is premature for the Court to consider petitioner's request for an evidentiary hearing (Dkt. 8), "to supplement" to include additional arguments for an evidentiary hearing (Dkt. 9), or "to supplement the record based on judicial notice" (Dkt. 7) at this stage. The respondents have not yet filed the state court record so the Court cannot yet determine whether supplementation is necessary, and the record has not otherwise been developed sufficiently for the Court to determine whether an evidentiary hearing is necessary.

Accordingly, the Court directs the Clerk to **re-note these motions (Dkts. 5, 7, 8, 9, 12, 13, 17) for consideration to July 5, 2019.** The respondent is directed to file a response to these motions **on or before June 21, 2019**, and plaintiff may file a reply **on or before July 5, 2019**.

C. **Objections to Extension of Time**

1    Petitioner has also filed a document entitled "objections to any extension of time that may

2 be filed by respondent" (Dkt. 11). However, because the Court has just ordered service of the

3 petition and the respondent has 45 days from the date of service to file an answer, petitioner's

4 request is premature at this time. Accordingly, the Clerk is directed to strike petitioner's

5 "objection" (Dkt. 11) from the docket.

Dated this 25th day of April, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER ON MOTIONS - 4