1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5
6

ANTHONY D. DAVIS,

7

                Petitioner,

8

    v.

9

RON HAYNES,

10

                Respondent.

Case No. C19-5156-BHS-TLF

REPORT AND
RECOMMENDATION

Noted for <u>December 6, 2019</u>

11
12
13
14

       Petitioner Anthony D. Davis is a state prisoner currently incarcerated at Stafford Creek Corrections Center. He filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from his 1995 conviction and sentence. Dkt. 16, at 1. He is currently in custody for a conviction based on his guilty plea to one count of First-Degree Rape. Dkt. 27, Exhibit 1.

15
16
17
18
19
20

       Petitioner presents three grounds for habeas relief: (1) "due process rights were violated when sentencing as a persistent offender using prior convictions that are constitutionally invalid on their face"; (2) "prior convictions and criminal history, constitutionally invalid on their face? The trial Court included prior convictions in the criminal history, invalid on their face; and (3) judgment and sentence constitutionally invalid on its face because it includes prior convictions in the criminal history, constitutionally invalid on their face." Dkt. 16, at 5-8.

21
22
23

       Petitioner has also filed several motions in this matter seeking "partial summary judgment" (Dkt. 5), to "supplement the record" (Dkts. 7, 9, 23, 24), for evidentiary hearing (Dkt. 8), to "determine factual and legal claims" (Dkt. 12), for "relief from judgment" (Dkt. 13), and

24
25

for "exhaustion of state court remedies" (Dkt. 17). For the reasons set forth below, the

undersigned recommends that these motions be DENIED, and that the petition be DENIED and

DISMISSED WITH PREJUDICE as time barred. Also, for the reasons set forth below, the

undersigned recommends that the court DENY a certificate of appealability (COA).

BACKGROUND

I.    **Statement of Facts**

In its 2018 opinion dismissing petitioner's appeal of the trial court's denial of his

resentencing motion and personal restraint petition (PRP), the Washington Court of Appeals

summarized the facts relevant to this petition as follows:

> On January 11, 1995, the State charged Davis with first degree burglary and two counts of first degree rape. Davis later pleaded guilty to an amended information charging him with one count of first degree rape. Davis's statement on plea of guilty disputed his criminal history but acknowledged that the State would recommend a persistent offender sentence of life without the possibility of release based on his prior convictions. The trial court accepted Davis's guilty plea to first degree rape, found that Davis was a persistent offender under former RCW 9.94A.030(25) (1994), and imposed a life sentence without the possibility of release under former RCW 9.94A.030(25) (1994). Davis's judgment and sentence from his 1995 first degree rape conviction lists his criminal history as including a 1978 conviction of second degree burglary, 1986 convictions of two counts of second degree robbery, first degree kidnapping, and first degree assault, and a 1989 conviction of first degree rape.

Dkt. 27, Exhibit 33.

II.    **State Court Procedural History**

A.    **Direct Appeal**

Petitioner appealed his sentence to the Washington Supreme Court. Dkt. 27, Exh. 4. In

1996, the Washington Supreme Court issued three decisions upholding challenges to the validity

of the persistent offender sentencing law. *See id.*, Exh. 7; *State v. Davis*, 133 Wash.2d 187, 943

P.2d 283 (1997) (per curiam). In light of these decisions, petitioner's appellate counsel moved to

1   withdraw under *Anders v. California*, 386 U.S. 738 (1967)[1] on the grounds that she could find no

2   nonfrivolous issues to raise on appeal. Dkt. 27, Exhs. 5, 6, 7; *State v. Davis*, 133 Wash.2d 187,

3   943 P.2d 283 (1997) (per curiam). The Washington Supreme Court granted appellate counsel's

4   motion to withdraw and dismissed petitioner's direct appeal as "wholly frivolous" on September

5   11, 1997. *Id.* The Court's mandate issued on October 9, 1997. Dkt. 27, Exh. 8. Petitioner did not

6   file a petition for writ of certiorari with the United States Supreme Court. *See* Dkt. 16, at 3.

**B.**    **2009 Motion to Recall Mandate**

8       On October 14, 2009, petitioner filed a motion with the Washington Supreme Court to

9   recall its 1997 mandate under Washington Rule of Appellate Procedure (RAP) 12.9(b)[2]. Dkt. 27,

10  Exh. 9. Petitioner's motion was based on the allegation that appellate counsel had fraudulently

11  failed to provide him with the sentencing hearing transcript thereby preventing him from

12  bringing his appeal pro se, from having "constitutionally mandated appellate counsel," and from

13  receiving a "constitutionally adequate appellate review." *Id.* In his motion petitioner claimed he

14  did not become aware that the transcript of his plea hearing had not been filed during the direct

15  appeal of his criminal conviction until July 15, 2009. *Id.*, at 9-10. The Court denied petitioner's

16  motion on December 1, 2009. *Id.*, Exh. 10.

**C.**    **First PRP (2010-2014)**

18      On June 21, 2010, petitioner filed a personal restraint petition (PRP) in the Washington

19  Supreme Court seeking to invalidate his 1986 convictions. Dkt. 27, Exhs. 11. The PRP raised

---

[1] *Anders v. California*, 386 U.S. 738, 744 (1967) holds that when defense counsel in a criminal appeal finds the case to be wholly frivolous, he or she "should so advise the court and request permission to withdraw."

[2] RAP 12.9(b) provides: "To Correct Mistake or Remedy Fraud. The appellate court may recall a mandate or certificate of finality issued by it to correct an inadvertent mistake or to modify a decision obtained by the fraud of a party or counsel in the appellate court."

two grounds for relief. The first ground alleged his 1986 guilty pleas were "unlawful and unknowing" because: (1) the 1986 judgment and sentence was "invalid on its face" because it stated an incorrect maximum term for an attempted robbery count (ten years instead of five); and (2) his 1986 statement on plea of guilty was "even worse" in that it stated as the maximum sentence for this count "20-Life-50,000[.]" *Id.*, at 3-4.  The second ground alleged the sentences for these crimes exceeded the trial court's jurisdiction because the State miscalculated the standard range for the attempted robbery in the second degree as 33-43 months instead of 11.25 to 15 months, and imposed an "exceptional sentence" by sentencing petitioner to 38 months without finding any of the factors that would allow an upward departure from the standard sentencing range. *Id.* Petitioner subsequently filed two motions to amend his PRP. *Id.*, at Exhs. 14, 15. The commissioner of the Washington Supreme Court dismissed the PRP on November 22, 2013, as untimely under RCW § 10.73.090[3]. *Id.*, Exhs. 16, 33 at 3.[4]

---

[3] RCW 10.73.090 provides: "(1) No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction."
RCW 10.73.100 provides:
> The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds:
> (1) Newly discovered evidence, if the defendant acted with reasonable diligence in discovering the evidence and filing the petition or motion;
> (2) The statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct;
> (3) The conviction was barred by double jeopardy under Amendment V of the United States Constitution or Article I, section 9 of the state Constitution;
> (4) The defendant pled not guilty and the evidence introduced at trial was insufficient to support the conviction;
> (5) The sentence imposed was in excess of the court's jurisdiction; or
> (6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

[4] The Court notes that the original order dismissing petitioner's first PRP makes some alternative findings but the order on petitioner's second PRP makes very clear that petitioner's first PRP was dismissed as time-barred under RCW 10.73.090. Dkt. 7, Exh. 33, at 3.

REPORT AND RECOMMENDATION - 4

1    The commissioner determined that the 1986 judgment and sentence was facially invalid

2    in the sense that it incorrectly listed the standard sentencing range for petitioner's attempted

3    second-degree robbery conviction. *Id.* However, the commissioner determined that such

4    invalidity on its own did not allow petitioner to timely challenge the voluntariness of his guilty

5    pleas. *Id.* Specifically, the commissioner found that "a facially erroneous sentence does not serve

6    as a gateway or 'super exception' for reaching claims that do not otherwise fall within the

7    exemptions from the time limit under RCW 10.73.100[ […] And a general claim that a guilty

8    plea was involuntary is not an exempt ground for relief." *Id.*

9    The commissioner further found that, with respect to petitioner's argument that his PRP

10    was timely because the trial court "exceeded its sentencing jurisdiction", a potentially exempt

11    ground for relief under RCW 10.73.100(5), even assuming the exemption applied under the

12    circumstances (which the commissioner indicated he need not determine), petitioner failed to

13    show he was "actually and substantially prejudice by constitutional error or that a

14    nonconstitutional error occurred that inherently resulted in a complete miscarriage of justice." *Id.*

15    The commissioner determined that petitioner could not make the required showing "since his

16    concurrently imposed sentence for first degree burglary exceeded the erroneous but concurrently

17    imposed sentence for attempted second degree robbery." *Id.* Accordingly, the commissioner did

18    not permit petitioner to withdraw his 1986 guilty pleas but instead dismissed the PRP as

19    untimely. *Id.* On March 5, 2014, the Washington Supreme Court denied petitioner's motion to

20    modify the commissioner's ruling. *Id.*, Exhs. 17, 18.

21    **D.    Prior Federal Habeas Petition (2015)**

22    On February 13, 2015, petitioner filed a federal habeas petition in this Court challenging

23    his 1986 conviction which had fully expired in 1995. Dkt. 27, Exh. 45. Petitioner raised two

24    grounds for relief: (1) "unlawful/unknowing plea" on the grounds that the Washington Supreme

25

Court conceded the plea agreement is "invalid," so the agreement could not be "used to impose the three strikes law" in 1995; (2) "exceptional sentence" was imposed because the 1986 judgment and sentence were "facially invalid" in that one of the counts listed an erroneous sentencing range. *Id.* On July 7, 2015, the Court dismissed the petition because petitioner was no longer "in custody" under the challenged 1986 sentence within the meaning of 28 U.S.C. § 2254 and denied a certificate of appealability. *Id.*, Exh. 46-49. On September 21, 2015, the Ninth Circuit also denied petitioner a certificate of appealability. *Id.*

E.    **CrR 7.8 Motion, Second PRP, Motion for Resentencing, and Appeal (2016-2019)**

On January 12, 2016, petitioner filed a pro se motion with the Pierce County Superior Court under Washington Superior Court Rule (CrR) 7.8 seeking to modify his 1995 sentence. The motion was based on a passage from the Washington Supreme Court's 2013 order dismissing his PRP and alleged the sentencing court in 1995 impermissibly considered the "facially invalid" 1986 sentence in sentencing him as a persistent offender. Dkt. 27, Exh. 19, at 3. As required by CrR 7.8(c)(2)[5], the Superior Court transferred the motion to the Washington Court of Appeals to be considered as a PRP because it appeared to be time-barred under RCW 10.73.090. *Id.*, Exh. 20. The Court of Appeals accepted the transfer and, acting on its own motion, stayed consideration of the PRP pending a decision in a related case (brought by a different petitioner) before the Washington Supreme Court. *Id.*, Exhs. 21, 22.

On April 12, 2016, while proceedings in the PRP were stayed, petitioner filed a motion for resentencing with the superior court also based on the Washington Supreme Court's 2013

---

[5] CrR 7.8(c)(2) provides: "*Transfer to Court of Appeals.* The court shall transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing."

order dismissing his first PRP. *Id.*, Exh. 23. As with petitioner's CrR 7.8 motion, the Superior

Court transferred the motion for resentencing to the Court of Appeals to be considered as a PRP

because it appeared to be time-barred under RCW 10.73.090. *Id.*, Exh. 24. The Court of Appeals,

however, rejected the transfer because the motion for resentencing was not expressly brought

under CrR 7.8 and was therefore not subject to transfer under CrR7.8(c)(2). *Id.*, Exh. 25. The

Court of Appeals further held that the extent the motion was actually a request for a Writ of

Mandamus, "this court does not have original jurisdiction over such writs." *Id.* Accordingly, the

Court of Appeals returned the motion to the superior court for further proceedings. *Id.* On March

10, 2017, the superior court denied the motion for resentencing finding the 1986 and 1995

judgments at issue both remained final and valid, and there was no basis for resentencing on the

1995 first-degree rape conviction. *Id.*, Exh. 26.

      Petitioner appealed the superior court's order and was appointed counsel. *Id.*, Exh. 27. On

appeal counsel argued petitioner's 1995 judgment and sentence was constitutionally invalid

because it was based on prior criminal convictions – the 1986 judgment and sentence – that were

constitutionally invalid on their face. *Id.*, Exh. 28. Shortly after the brief on appeal was filed, the

commissioner of the Court of Appeals lifted the stay of proceedings in the second PRP. *Id.*, Exh.

29. On April 2, 2018, the commissioner of the Court of Appeals ordered the appeal and PRP

cases consolidated. *Id.*, Exh. 32. On September 18, 2018, the Court of Appeals issued an

unpublished opinion in the consolidated cases dismissing petitioner's second PRP as untimely

under RCW § 10.73.090 and affirming the superior court's order denying petitioner's

resentencing motion. *Id.*, Exh. 33. With regards to the appeal from the resentencing motion, the

appellate court held that, because the 2013 Washington Supreme Court ruling did not invalidate

petitioner's 1986 convictions, it did not require the trial court to resentence petitioner. *Id.*

Appellate counsel's subsequent motion for reconsideration was denied. *Id.*, Exhs. 34, 35.

Petitioner and his appellate counsel both filed petitions for review. *Id.*, Exhs. 36, 37. The clerk of the Supreme Court accepted both petitions for filing and on February 6, 2019, denied both petitions for review without comment. *Id.*, Exhs. 38, 39. The Court of Appeals mandate issued on April 4, 2019. *Id.*, Exh. 40.

F.    **Motion to Withdraw Plea (2018-Present)**

On October 17, 2018, petitioner moved to withdraw his 1995 guilty plea. Dkt. 27, Exh. 41. On October 24, 2018, the superior court summarily denied the motion. *Id.*, Exh. 42. Petitioner, through counsel, has appealed the denial of his motion to the Washington Court of Appeals, arguing the superior court abused its discretion by failing to comply with CrR7.8 and failing to transfer the motion to the Court of Appeals to be treated as a PRP. *Id.*, Exh. 43. The State has filed a brief agreeing in substance with counsel's procedural argument and requesting that the Court of Appeals remand the matter to the superior court with directions to enter an order complying with CrR 7.8(c). *Id.*, Exh. 44. It appears that the matter remains pending.[6]

Respondent, in his answer to petitioner's federal habeas petition, argues the petition is untimely under 28 U.S.C. § 2244(d)(1) and, as such, should be dismissed. Dkt. 26. Additionally, respondent argues petitioner's claims are procedurally barred because he failed to present any of them to the Washington Supreme Court in a timely manner. *Id.*, at 16. Petitioner has not filed a response to respondent's answer and neither his petition nor any of his motions substantively

---

[6] The Court takes judicial notice of Washington Court of Appeals case *State v. Davis*, Case No. 52639-5-II located at https://dw.courts.wa.gov (last accessed November 15, 2019).

dispute the timeline described above or address respondent's arguments that the petition is untimely.

## DISCUSSION

There is a one-year time limit to file a Section 2254 federal habeas corpus petition, according to 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

The limitation period may run from a later date under the following circumstances: First, it may run from the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action. 28 U.S.C. § 2244(d)(1)(B); second, it may run from the date the United States Supreme Court recognizes a new constitutional right that the Supreme Court makes retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C); third, it may run from the date the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). "Collateral review" means "a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Wall v. Kholi*, 562 U.S.C. 545, 553 (2011).

1    However, the term "collateral review" used in this context does not include petitions for federal

2    habeas relief which do not toll the statute of limitations under 28 U.S.C. § 2244(d)(2). *See*

3    *Duncan v. Walker*, 533 U.S. 167 (2001) (A federal habeas petition is not an "application for State

4    post-conviction or other collateral review" within the meaning of § 2244(d)(2)).

5            The question of whether a petition is "properly filed" is one of state law. *Artuz v. Bennett*,

6    531 U.S.C 4, 8 (2000). A petition denied by the state court as untimely under state law is not

7    "properly filed" for purposes of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)

8    (filing of untimely state court application for collateral review does not toll the statute of

9    limitations for filing a federal habeas petition under 22 U.S.C. 2244(d)(2)). Furthermore, once

10   the statute of limitations period has run, a state collateral action filed thereafter does not serve to

11   revive the statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

12           Here, the Washington Supreme Court dismissed petitioner's direct appeal on September

13   11, 1997. Petitioner then had 90 days, until December 10, 1997, to file a petition for writ of

14   certiorari with the United States Supreme Court. *Bowen*, 188 F.3d at 1158-59 ("[W]hen a

15   petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's

16   [28 U.S.C. § 2244(d)] one-year limitations period begins to run on the date the ninety-day period

17   defined by Supreme Court Rule 13 expires.").

18           Petitioner did not do so; his window of opportunity for seeking direct review closed and

19   his judgment and sentence became final for purposes of 28 U.S.C. § 2244(d)(1)(A) on December

20   10, 1997, and the one-year statute of limitations began to run the following day. 28 U.S.C. §

21   2244(d)(1)(A); *see Gonzalez v. Thaler*, 565 U.S. 134, 147-155 (2012); *Wixom v. Washington*,

22   264 F.3d 894, 897-98 (9th Cir. 2001); *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

23   Thus, absent statutory or equitable tolling, the federal habeas statute of limitations expired on

24

25

December 10, 1998, over twenty years before petitioner filed the instant federal habeas petition on February 27, 2019. Dkts. 1, 16.

## I.    Post-Conviction Motions and 28 U.S.C. § 2244(d)(2)

After the conclusion of direct review, petitioner filed several motions and petitions in state court between 2009 and 2018, challenging his 1986 and 1995 convictions and sentence, as well as a federal habeas petition in 2015, challenging his 1986 conviction. But, the federal habeas statute of limitations had already expired in 1998, many years before petitioner filed any of these motions or petitions and none of these filings served to revive the limitations period. *See Jiminez*, 276 F.3d at 482. Even if the statute had not run over ten years before petitioner filed the first of these motions or petitions, several of these motions and petitions did not tolled the statute of limitations because they were not "properly filed" motions for collateral attack under § 2244(d)(2). Thus, even if the Court only began calculating the statute of limitations from the date petitioner filed his first motion to recall the mandate on October 14, 2009, far more than a year of un-tolled time elapsed before petitioner filed the instant federal habeas petition in February 2019.

Specifically, petitioner's motion to recall the mandate did not act to toll the limitations period because it did not constitute a collateral attack on the judgment but, rather, an unsuccessful attempt by petitioner to reopen his direct appeal. *See* RCW 10.73.090(2) (defining "collateral attack" as "any form of post-conviction relief other than a direct appeal"); *see also Wall v. Kholi*, 562 U.S. 545, 560 (2011) (defining "collateral review" for purposes of § 2244(d)(2) as "judicial review that occurs in a proceeding outside of the direct review process"); *Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1060 n.3 (9th Cir. 2007) (motion to recall mandate directed toward direct review did not toll federal statute of limitations because under § 2244(d)(2) only collateral review proceedings can toll the AEDPA statute of limitations). Thus,

1  even if the federal statute of limitations were not already expired at the time petitioner filed the

2  motion to recall the mandate, the motion did not serve to toll the federal statute of limitations

3  during the period the motion was pending, from October 14, 2009 to December 1, 2009.

4          There is no evidence petitioner took any further action with respect to his convictions and

5  sentence (and thus no possible basis for tolling under 28 U.S.C. § 2244(d)(2)) until he filed his

6  first PRP on June 21, 2010. Furthermore, even if the federal statute of limitations were not

7  already expired at the time petitioner filed his first PRP, that PRP also would not have served to

8  toll the statute as it was dismissed as untimely under RCW § 10.73.090 and thus was not

9  "properly filed" for purposes of tolling under § 2244(d)(2).[7] Dkt. 26, Ex. 16, at 2-3. Thus, even if

10  the federal statute of limitations was not already expired, the statute would not have been tolled

11  under § 2244(d)(2) during the period that petitioner's first PRP was pending (from June 21, 2010

12  to May 5, 2014).

13          Petitioner also filed a federal habeas petition challenging his 1986 conviction and

14  sentence in February 2015. However, a federal habeas petition is not an "application for State

15  post-conviction or other collateral review" within the meaning of § 2244(d)(2) and does not toll

16  the federal statute of limitations. *See Duncan v. Walker*, 533 U.S. 167 (2001). Thus, even if the

17  federal statute of limitations were not already expired, the statute would not have been tolled

18

19

20  _____

[7] The order on petitioner's second PRP makes very clear that petitioner's first PRP was dismissed as time-barred

21  under RCW 10.73.090, and thus it would not toll the federal statute of limitations. *See* Dkt. 27, Exh. 33. Moreover,
even if the motion to recall the mandate and the first PRP would have tolled the federal statute of limitations, 203

22  days passed between the date the Washington Supreme Court denied petitioner's motion to recall the mandate and
the date petitioner filed his first PRP, and 285 days passed between the date the Washington Supreme Court denied
petitioner's motion to modify the ruling denying his first PRP and the date petitioner filed his first federal habeas

23  petition in 2015. There is no indication petitioner filed any motions or petitions that potentially could have tolled the
statute under § 2244(d)(2) during those 203 and 285 days respectively (488 days total). Thus, absent some other

24  basis for tolling, there is no question that these periods would have been countable toward the federal habeas statute
of limitations and, taken together, exceeded one year of un-tolled time.

25

REPORT AND RECOMMENDATION - 12

1   under § 2244(d)(2) during the period that petitioner's prior federal habeas petition was pending

2   (February 13, 2015 to July 7, 2015).

3        Petitioner also filed a CrR 7.8 motion on January 12, 2016, which was considered as a

4   PRP and also found to be untimely under RCW 10.73.090. Thus, the statute also would not have

5   been tolled under § 2244(d)(2) during the period this second PRP was pending (January 12, 2016

6   to November 6, 2018). Dkt. 26, Ex. 33, at 8.

7        Petitioner also filed a motion to resentence in April 12, 2016 which was consolidated

8   with his second PRP. That motion was ultimately dismissed as a meritless attempt to enforce a

9   purported directive from the Washington Supreme Court or as a petition for a writ of mandamus,

10  the subsequent appeal was denied and the motion for reconsideration finally denied on

11  November 6, 2018. The Court need not reach the question of whether this motion would have

12  served to toll the federal statute of limitations. Even calculating from the date petitioner filed his

13  first post-conviction motion (to recall the mandate) in October 2009, over six years passed before

14  petitioner filed his April 12, 2016 motion to resentence. As discussed above, petitioner was not

15  entitled to tolling under § 2244(d)(2) during that period, nor (as discussed below) was he entitled

16  to any other form of statutory or equitable tolling.

17       The Court also notes that petitioner has appealed the denial of his 2018 motion to

18  withdraw his guilty plea and that his appeal is pending. But even if the Washington Court of

19  Appeals ultimately determines there is an exception to the time-bar under RCW 10.73.100 and

20  reviews petitioner's 2018 motion to withdraw his guilty plea on the merits, this would also not

21  restart petitioner's federal habeas clock which (as discussed above and below) has long since

22  expired. *See Jiminez*, 276 F.3d at 482.

23  **II.   No Delayed Accrual Under 28 U.S.C. § 2244(d)(1)(B)-(D)**

24       Petitioner is also not entitled to statutory tolling or delayed accrual under 28 U.S.C.

25

REPORT AND RECOMMENDATION - 13

§2244(d)(1)(B)-(D). Petitioner does not cite to any case or make any substantive argument indicating the United States Supreme Court recognized a relevant new constitutional right made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). The record indicates petitioner was aware of the factual predicate of his claims related to the consideration of his prior criminal history prior to the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(D). As petitioner himself points out, he in fact "disputed" the criminal history set forth by the prosecutor in his 1995 statement on guilty plea. *See* Dkt. 24, at 1-2. Furthermore, petitioner's habeas grounds are premised on the argument that his prior convictions and criminal history are constitutionally invalid on their face, a fact which would appear to have been available at the time of petitioner's sentencing.[8] Petitioner also does not argue or present any facts to indicate that he was impeded by State action from filing his federal habeas petition. 28 U.S.C. § 2244(d)(1)(B).

Accordingly, the only questions remaining are whether petitioner is entitled to equitable tolling of the statute of limitations for some period, or whether he presents a sufficient claim of "actual innocence", such that his otherwise time-barred claims should be considered.

### III.    There is no Basis for Equitable Tolling

The statute of limitations may be subject to equitable tolling if the petitioner shows that "'(1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). A simple "miscalculation" of the statutory deadline is not a sufficient basis for demonstrating

---

[8] The Court notes that in his 2009 motion to recall the mandate on his direct appeal, petitioner argued that he did not become aware that his attorney had not submitted the transcript of his plea hearing on direct appeal until July 2009. Dkt. 27, Exh. 9. Petitioner does not argue in his petition that this is a basis for tolling or delayed accrual of the statute of limitations. However, the Court notes that even if the statute did not begin to run until July 2009, his federal habeas petition would still be time barred because far more than one year of un-tolled time has passed between July 2009, and the filing of the instant federal habeas petition in February 2019.

REPORT AND RECOMMENDATION - 14

1    equitable tolling. *Id.* at 2564. To obtain equitable tolling, extraordinary circumstances beyond a

2    petitioner's control must have prevented the petitioner from filing a federal petition on time.

3    *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc); *Gaston v. Palmer*, 387

4    F.3d 1004, 1008 (9th Cir. 2004); *Laws v. Lamarque*, 351 F.3d 919, 923-24 (9th Cir. 2003). "[A]

5    *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance

6    warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006)

7           Equitable tolling is appropriate only where external forces, rather than the petitioner's

8    lack of diligence, account for the failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104,

9    1107 (9th Cir. 1999). The threshold necessary to obtain equitable tolling is very high, and the

10   petitioner bears a heavy burden to obtain tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065-66

11   (9th Cir. 2002).

12          Petitioner makes no direct argument in his petition or in his motions that he is entitled to

13   equitable tolling. The Court acknowledges that petitioner is proceeding *pro se* in this federal

14   habeas action but a *pro se* petitioner's lack of legal sophistication is not, in and of itself, sufficient

15   to warrant equitable tolling. *See Rasberry*, 448 F.3d at 1154; *Ford v. Pliler*, 590 F.3d 782, 789 (9th

16   Cir. 2009) (observing that the equitable tolling "standard has never been satisfied by a petitioner's

17   confusion or ignorance of the law alone").

18          Petitioner has not demonstrated that an external force prevented him from filing a timely

19   habeas petition. Petitioner simply did not file his petition within the required time period. Even if

20   petitioner miscalculated or was unaware of the deadlines for expiration of the statute of

21   limitations, this does not show a basis for equitable tolling.

22   **IV.**    **No Showing of Actual Innocence**

23          "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass

24   whether the impediment is a procedural bar ... [or] expiration of the statute of limitations."

25

*McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *see also Lee v. Lampert,* 653 F.3d 929, 934–37 (9th Cir. 2011) (en banc).  The Court must apply the standards for gateway actual innocence claims set forth in *Schlup v. Delo*, 513 U.S. 298 (1995). *See McQuiggin*, 569 U.S. at 386. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror [or other trier of fact], acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup,* 513 U.S. at 329).

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Calderon v. Thompson,* 523 U.S. 538, 559 (1998); *Muth v. Fondren,* 676 F.3d 815, 819, 822 (9th Cir.), *cert. denied,* 133 S.Ct. 292 (2012). In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner does not raise actual innocence as a basis to excuse the untimeliness of his petition. Petitioner makes no argument that he possesses, nor does he present, "new reliable evidence … not presented at trial" sufficient to support a claim of actual innocence. *Schlup*, 513 U.S. at 324. Accordingly, the "actual innocence" exception to the statute of limitations does not apply and the petition is untimely. Because the petition is time-barred, it should be denied without reaching the merits of petitioner's claims.

**V.   Petitioner's Motions**

Petitioner has also filed several motions in this matter seeking "partial summary judgment" (Dkt. 5), to "supplement the record" (Dkts. 7, 9, 23, 24), to "determine factual and

1    legal claims" (Dkt. 12), for "relief from judgment" (Dkt. 13), and for "exhaustion of state court

2    remedies" (Dkt. 17).

3           Petitioner's motions to supplement (Dkts. 7, 9, 23, 24) seek to "supplement the record"

4    with "the entire record of his 1995 plea hearing transcripts" (Dkt. 7), "statement of defendant on

5    guilty plea" (Dkt. 24), and the state's response brief to petitioner's 2010 PRP (Dkt. 23).

6    Petitioner contends these materials are necessary for the Court to determine the substantive

7    merits of his petition, i.e., whether his 1986 conviction enhances his 1995 conviction and

8    whether his 1986 conviction is currently being used to keep petitioner in custody under the

9    Persistent Offender Accountability Act. Dkts. 7, 9, 23, 24.

10          The Court notes that petitioner's motions were made prior to the filing of respondent's

11   answer and the relevant portions of the state court record. Having reviewed the record, the Court

12   finds that no additional records are necessary to adjudicate the issue of the timeliness of the

13   petition and, accordingly, recommends that petitioner's motions to supplement the record (Dkts.

14   7, 9, 23, 24), be DENIED as moot or unnecessary.

15          Petitioner's motions for "partial summary judgment" (Dkt. 5) to "determine factual and

16   legal claims" (Dkt. 12), for "relief from judgment" (Dkt. 13), and for "exhaustion of state court

17   remedies" (Dkt. 17), also seek to argue the substantive grounds raised in the habeas petition but

18   do not raise issues relevant to the timeliness of the petition. The Court recommends those

19   motions also be DENIED as moot in light of the recommended dismissal of the petition as time

20   barred.

21                                  EVIDENTIARY HEARING

22          Petitioner has also moved for an evidentiary hearing (Dkt. 8). The decision to hold a

23   hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

24   "[A] federal court must consider whether such a hearing could enable an applicant to prove the

25

REPORT AND RECOMMENDATION - 17

1   petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief."

2   *Landrigan*, 550 U.S. at 474; *see also, Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S.Ct. 1388

3   (2011). A hearing is not required if the allegations would not entitle petitioner to relief under 28

4   U.S.C. § 2254(d).  *Landrigan,* 550 U.S. at 474.

5          The lack of timeliness of petitioner's claims, and the lack of a valid reason that would

6   overcome the timeliness problem, can be determined from the existing record. No evidentiary

7   hearing should be ordered. Accordingly, petitioner's motion for an evidentiary hearing (Dkt. 8)

8   should also be DENIED.

9                             <u>CERTIFICATE OF APPEALABILITY</u>

10         If the Court adopts the undersigned's Report and Recommendation, it must determine

11  whether a COA should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United

12  States District Courts ("The district court must issue or deny a certificate of appealability when it

13  enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has

14  made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)-(3).

15  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with

16  the district court's resolution of his constitutional claims or that jurists could conclude the issues

17  presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537

18  U.S. 322, 327 (2003).

19         The undersigned recommends that petitioner not be issued a COA. No jurist of reason

20  could disagree with dismissing as time-barred a habeas petition that was filed beyond the one-

21  year statute of limitations and the record establishes that statutory and equitable tolling is not

22  warranted, and that the actual innocence exception does not apply. Petitioner should address

23  whether a COA should issue in his written objections, if any, to this Report and

24  Recommendation.

25

CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court DENY petitioner's request for an evidentiary hearing (Dkt. 8) and DENY and DISMISS the petition for writ of *habeas corpus* with prejudice. The undersigned recommends that petitioner's motion for seeking "partial summary judgment" (Dkt. 5), to "supplement the record" (Dkts. 7, 9, 23, 24), to "determine factual and legal claims" (Dkt. 12), for "relief from judgment" (Dkt. 13), and for "exhaustion of state court remedies" (Dkt. 17) be DENIED as unnecessary and/or moot in light of the recommended dismissal of the petition as time-barred. The undersigned further recommends that a certificate of appealability be DENIED.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **December 6, 2019**, as noted in the caption.

Dated this 15th day of November, 2019.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge